**John M. KLEIN**

v.

**Daniel David ZIEGLER.**

**Misc. No. 87–591.**

United States District Court,
E.D. Pennsylvania.

Jan. 11, 1988.

Steven Sugarman, Paoli, Pa., for plaintiff.

### MEMORANDUM AND ORDER

FULLAM, Chief Judge.

On November 25, 1987, plaintiff filed a "Motion to Certify Case to United States District Court and to Enforce Contempt Order", which was docketed to Misc. No. 87–0591. So far as the record discloses, the motion was never served on anyone, nor was it brought to this court's attention until a telephone call to chambers a couple of days ago.

It seems that Daniel David Ziegler, the named defendant, is the debtor in a pending bankruptcy proceeding. Plaintiff filed objections to his discharge, but withdrew the objections after the parties entered into, and the Bankruptcy Court approved, a "stipulation". In essence, the parties agreed to a mutual exchange of general releases, plaintiff withdrew the objections to discharge, and the defendant agreed to pay plaintiff a specified sum in specified monthly installments. The stipulation further provided that, in the event either party

breached his agreement, the Bankruptcy Court could issue an order of contempt, or such other order as might be deemed appropriate to remedy the default.

In July 1987, after hearing, the bankruptcy judge entered what plaintiff terms an "order of contempt". The Order does state that the defendant "is held in contempt for violating the Stipulation and Order of October 24, 1985"; but it merely directs him to make certain payments within 10 days, in default of which "a bench warrant shall issue for debtor's arrest, and debtor shall be incarcerated until such time as he shall fully comply with the provisions of this instant Order."

On September 21, 1987, plaintiff filed a motion in the Bankruptcy Court "to enforce contempt order," seeking the issuance of a bench warrant for defendant's arrest and incarceration. By Memorandum and Order dated October 13, 1987, the bankruptcy judge denied that motion, for the reason that the defendant had never been served with notice.

Given the written ruling of the bankruptcy judge, I find it inexplicable that plaintiff's counsel has seen fit to state, in the memorandum in support of the present motion, "While [plaintiff] has made every effort to enforce the Bankruptcy Court's order of contempt in that forum, the Bankruptcy Court has concluded in its Memorandum Opinion that the Bankruptcy Court is without authority to enforce its order of contempt. Accordingly, Klein must seek the enforcement of the contempt order in this Honorable Court."

To the extent that the present motion should be deemed an appeal from the bankruptcy judge's Order denying enforcement, the motion must be denied: It is obvious that the bankruptcy judge properly refused to act in contravention of the Bankruptcy Rules and due process of law.

■ To the extent that plaintiff's motion for "certification" asks this court, as an original matter, to adjudicate the defendant in contempt of the Bankruptcy Court, or to supply an enforcement authority not available to the Bankruptcy Court —a proposition difficult to accept in view of the explicit provisions of Bankruptcy Rule 9020—the motion must also be denied, for any one of several reasons. I am not aware that the certification of a contempt order to the district court for enforcement can properly be instituted by the district court; it would seem logical to suppose that any such certification would originate in the Bankruptcy Court. It is not at all clear to me that certification for enforcement is contemplated by the present Bankruptcy Rules. And, under any view of the matter, the record does not establish a basis for the relief plaintiff seeks. Plaintiff seems to be attempting to parlay a settlement agreement into an occasion for imprisonment for debt. There may be circumstances in which such a result would be permissible, but the present record is deficient in that regard. Until the July "contempt" Order, defendant was never under a court order to make any payments. The July Order did require defendant to make certain payments, but the bankruptcy judge has found that he was never properly served with that Order.

■ And finally, it seems clear to me that this entire dispute should remain in the Bankruptcy Court, subject only to the appellate rights of any party aggrieved by an appealable order.

Motion denied.